Ordell Elizabeth Moon
1905 Bristol St.
Petaluma, CA 94954

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION

In re
ORDELL ELIZABETH MOON

Case No. 23-10092 DM 13
(Chapter 13)

Petitioner/Debtor.
_____/

Motion for Requesting Time to File Schedules, Statement of Financial Affairs, Plan and other documents

The motion of ORDELL ELIZABETH MOON by Authorized Representative (hereinafter "**AR**") under Power of Attorney (hereinafter "**POA**"), Don Shannon, respectfully presents:

1. Debtor has filed a voluntary petition under Chapter 13 of Title 11 of the United States Code on February 28, 2023, prior to the date hereof.

2. Debtor has not previously requested the court to extend the time to file papers.

3. Debtor is an elderly disabled lady and the **AR** has the task of putting together all the required documents for this instant petition and will need approximately 45 days to locate and prepare all foundational documentation in compliance with order of the court.

4. A copy of the **POA** of the **AR** is attached herein for the court's consideration.

5. Debtor being disabled, thus, **AR** begs the court's consideration of such, as Debtor needs more time to determine other lawful claimants before plan, schedules and other documents can be submitted.

WHEREFORE, debtor prays that the time for filing schedules, plan, statement of affairs and other documents be extended for forty-five days, and that she have such other and further relief as is just.

DATED: 13 March 2023

Respectfully Presented,

By: _____*Ordell Moon*_____
Ordell Elizabeth Moon

Page **1** of **3**


**The Campopiano Law Offices**
A PROFESSIONAL CORPORATION

HEATHER L. CAMPOPIANO
PATRICIA M. TOBIN, OF COUNSEL ✱♦†
HARRIET PRENSKY, RETIRED ✱

May 5, 2016

Don Shannon
420 Lakeville St.
Petaluma, CA 94952

Re: **Power of Attorney**

Dear Don:

Please find copies of the <u>Immediate Durable Power of Attorney and Nomination of Conservator</u> for *Ordell E. Moon* and *Lloyd H. Moon* enclosed for your records.

Pursuant to our telephone conversation on May 2, 2016, I suggest you contact an attorney as I solely represent Lloyd and Ordell.

I am wishing you and your family peace.

Very truly yours,

THE CAMPOPIANO LAW OFFICES, P.C.

Heather L. Campopiano, Esq.

HC:tas
Encl.

THE LANDMARK BUILDING
725 COLLEGE AVENUE, SUITE 400
SANTA ROSA, CA 95404-4115
TELEPHONE (707) 544-8900
FACSIMILE (707) 544-8189

WWW.CAMPOPIANOLAW.COM

✱ CERTIFIED SPECIALIST IN ESTATE PLANNING, PROBATE AND TRUST LAW BY THE STATE BAR OF CALIFORNIA BOARD OF LEGAL SPECIALIZATION
♦ CERTIFIED ELDER LAW ATTORNEY (CELA) BY THE NATIONAL ELDER LAW FOUNDATION
† LICENSED IN NY AND CA

WESTAMERICA BANK BUILDING
1108 FIFTH AVENUE, SUITE 202
SAN RAFAEL, CA 94901-2996
TELEPHONE (415) 388-1552
FACSIMILE (707) 544-8189

==LLOYD H. MOON== Principal to ==ORDELL E. MOON== Agent(s)

## IMMEDIATE DURABLE POWER OF ATTORNEY
## AND NOMINATION OF CONSERVATOR

TO PERSON EXECUTING THIS DOCUMENT:

THIS IS AN IMPORTANT LEGAL DOCUMENT. IT CREATES A DURABLE POWER OF ATTORNEY. BEFORE EXECUTING THIS DOCUMENT, YOU SHOULD KNOW THESE IMPORTANT FACTS.

1. THIS DOCUMENT MAY PROVIDE THE PERSON YOU DESIGNATE AS YOUR ATTORNEY-IN-FACT WITH BROAD POWERS TO DISPOSE, SELL, CONVEY, AND ENCUMBER YOUR REAL AND PERSONAL PROPERTY.

2. ==THIS DOCUMENT DOES NOT AUTHORIZE ANYONE TO MAKE MEDICAL AND OTHER HEALTH DECISIONS FOR YOU.==

3. THESE POWERS WILL EXIST FOR AN INDEFINITE PERIOD OF TIME UNLESS YOU LIMIT THEIR DURATION IN THIS DOCUMENT. THESE POWERS WILL CONTINUE TO EXIST NOTWITHSTANDING YOUR SUBSEQUENT DISABILITY OR INCAPACITY.

4. THIS DOCUMENT REVOKES PRIOR POWERS OF ATTORNEY RELATED TO FINANCIAL MATTERS. YOU HAVE THE RIGHT TO REVOKE OR TERMINATE THIS DURABLE POWER OF ATTORNEY AT ANY TIME.

TO WHOM IT MAY CONCERN:

I, LLOYD H. MOON (the Principal), presently a resident of Sonoma County, California, hereby appoints, ORDELL E. MOON, the Agent of my estate. If ORDELL E. MOON is unable or unwilling to act, I hereby appoint DON SHANNON the Agent of my estate. Bond shall not be required of my Agent(s).

1. To manage, control, lease, sublease, and otherwise act concerning any real property which the Principal may own; collect and receive rents or income therefrom; pay taxes, charges, and assessments on the same; repair, maintain, protect, preserve, alter, and improve the same; and do all things necessary or expedient to be done in the Agent's judgment in connection with the property.

2. To purchase real property on the Principal's behalf; to mortgage, pledge, or otherwise encumber such newly acquired property; to commit the resources of the Principal with respect to purchase of such property; to do all acts and execute all documents necessary for the purchase of such property; and to otherwise generally deal in all respects and have all powers described in this Power of Attorney with respect to such property.

3. To manage and control all partnership interests owned by the Principal and to make all decisions the Principal could make as a general partner, limited partner,

or both, and to execute all documents required of the Principal as such partner, all to the extent that the Agent's designation for such purposes is allowed by law and is not in contravention of any partnership or other agreement.

4. To purchase, sell, invest, reinvest, and generally deal with all stocks, bonds, debentures, warrants, partnership interests, rights, and securities owned by the Principal.

5. To collect and deposit for the benefit of the Principal all debts, interest, dividends, or other assets that may be due or belong to the Principal, and to execute and deliver receipts and other discharges therefore; to demand, arbitrate, and pursue litigation on the Principal's behalf concerning all rights and benefits to which the Principal may be entitled; and to compromise, settle, and discharge all such matters as the Agent considers appropriate under the circumstances.

6. To pay any sums of money that may at any time be or become owing from the Principal; to sell, and to adjust and compromise any claims which may be made against the Principal, as the Agent considers appropriate under the circumstances. To borrow on the Principal's behalf on credit (credit cards, credit lines and the like); to execute promissory notes, occupancy agreements, life estates, or to extinguish or terminate promissory notes, occupancy agreements or life estates.

7. To grant, sell, transfer, convey, mortgage, deed in trust, pledge, and otherwise encumber and deal in all property, real and personal, that the Principal may own; including, but not limited to, any real property described on any exhibit attached to this instrument including property acquired after execution of this instrument; to attach exhibits to this instrument which provide legal descriptions of any such property; and to execute such instruments as the Agent deems proper in conjunction with all matters covered in this paragraph 7. Principal authorizes Agent to refinance any property owned by Principal.

8. To prepare and file all income and other federal and state tax returns which the Principal is required to file; to sign the Principal's name on tax returns, including forms but not limited to Form 1040; hire preparers and advisors and pay for their services; and to do whatever is necessary to protect the Principal's assets from assessments for income taxes and other taxes for five years prior to the date of this Power of Attorney and beyond. The Agent is specifically authorized to receive confidential information; to receive checks in payment of any refund of taxes, penalties, or interest; to execute waivers (including offers of waivers) of restrictions on assessment or collection of tax deficiencies and waivers of notice of disallowance of claims for credit or refund; to execute consents extending the statutory period for assessment or collection of taxes; to execute closing agreements under Internal Revenue Code section 7121, or any successor statute; and to delegate authority or substitute another representative with respect to all above matters.

(a) Principal's Agent shall have the power to act for Principal in all tax matters for all periods before the Internal Revenue Service and any other taxing authority. Incidental to such power, Principal's Agent shall have

        the power to cause the payment of taxes, assessments, and other government imposed obligations.

    (b)    Principal's Agent shall have the power (1) to cause the preparation and filing of all income and other state and federal tax returns that Principal may be required to file; (2) to sign Principal's name on tax returns, including without limitation Forms IRS 1040 and FTB 540; (3) to hire preparers and advisors and pay them for their services; and to do whatever is necessary to protect Principal's assets from assessments for income taxes and other taxes for all years. Principal's Agent is specifically authorized to receive confidential information; to receive checks in payment of any refund of taxes, penalties, or interest; to execute waivers (including offers of waivers) of restrictions on assessment or collection of tax deficiencies and waivers of notice of disallowance of claims for credit or refund; to execute consents extending the statutory period for assessment or collection of taxes; to execute closing agreements under Internal Revenue Code Section 7121; and to delegate authority or substitute another representative with respect to all of the above matters.

9.     To deposit in and draw on any checking, savings, agency, or other accounts which the Principal may have in any banks, savings and loan associations (including but not limited to trust accounts), and any accounts with securities brokers or other commercial institutions, and to establish and terminate all such accounts.

10.     To invest and reinvest the Principal's funds in every kind of property, real, personal, or mixed, and every kind of investment, specifically including, but not limited to, corporate obligations of every kind; preferred or common stocks; shares of investment trusts, investment companies, and mutual funds; mortgage participations, that under the circumstances then prevailing (specifically including, but not limited to, the general economic conditions and the Principal's anticipated needs) persons of skill, prudence, and diligence acting in a similar capacity and familiar with those matters would use in the conduct of an enterprise of a similar character and with similar aims, to attain the Principal's goals; and to consider individual investments as part of an overall plan.

11.     To have access to all safe deposit boxes in the Principal's name or to which the Principal is an authorized signatory; to contract with financial institutions for the maintenance and continuation of safe deposit boxes in the Principal's name; to add to and remove the contents of all such safe deposit boxes; and to terminate contracts for all such safe deposit boxes.

12.     To commence enforcement proceedings, at the Principal's expense, against any bank, savings and loan association, or other person or entity that fails or refuses to honor this Durable Power of Attorney.

13.     To transfer assets to any and all revocable living trusts of which the Principal is or becomes a settlor, hereby intending to give the fullest power and not intending by anything hereinafter contained to limit such full power.

14. This Power of Attorney shall apply to all property owned by Principal whether title is held as sole owner, as a joint tenant, as a tenant in common, as trustee of a revocable living trust, or otherwise.

15. To use any credit cards in the Principal's name to make purchases and to sign charge slips on behalf of the Principal as may be required to use such credit cards; and to close the Principal's charge accounts and terminate the Principal's credit cards under circumstances where the Agent considers such acts to be in the Principal's best interest.

16. To do all things and enter into all transactions necessary to provide for the Principal's personal care and to maintain the Principal's customary standard of living; to provide suitable living quarters for the Principal; and to hire and compensate household, nursing, and other employees as the Agent considers advisable for the Principal's well-being. The above shall specifically include, but not be limited to, the authority to pay the ongoing costs of maintenance of the Principal's present and future residence, such as interest, taxes, and repairs; to procure and pay for clothing, transportation, medicine, medical care, food, and other needs; and to make arrangements, enter into contracts, care for pets, manage mail and commit the Principal's resources on the Principal's behalf with respect to provision of residential care for the Principal in a convalescent hospital, skilled nursing home, or other alternative residential facility.

17. Generally to do, execute and perform any other act, deed, matter, or thing that in the opinion of the Agent ought to be done, executed, or performed in conjunction with this Power of Attorney, of every kind and nature, as fully and effectively as the Principal could do if personally present. The enumeration of specific items, acts, rights, or powers in this instrument does not limit or restrict, and is not to be construed or interpreted as limiting or restricting the general powers granted to the Agent except where powers are expressly restricted.

18. Notwithstanding any other possible language to the contrary in this instrument, the Agent is specifically NOT granted the following powers:

    a. To use the Principal's assets for the Agent's own legal obligations, including, but not limited to, support of the Agent's dependents;

    b. To exercise any trustee powers under an irrevocable trust of which the Agent is a settlor and the Principal is a trustee; and

    c. To exercise incidents of ownership over any life insurance policies which the Principal owns on the Agent's life.

19. Any third party from whom the Agent may request information, records, or other documents regarding the Principal's personal affairs may release and deliver all such information, records, or documents to the Agent. The Principal hereby waives any privilege that may apply to release of such information, records, or other documents. Principal expressly allows Agent access to his or her records under the Health Insurance Portability and Accountability Act (HIPAA).

20. The Principal's Agent's signature under the authority granted in this Power of Attorney may be accepted by any third party or organization with the same force and effect as if the Principal were personally present and acting on the Principal's own behalf. No person or organization who relies on the Agent's authority under this instrument shall incur any liability to the Principal, the Principal's estate, heirs, successors, or assigns, because of reliance on this instrument.

21. This Power of Attorney shall apply to all presently owned and future acquired assets of the Principal, and shall include the power to acquire any assets as described herein on the Principal's behalf.

22. The Principal's estate, heirs, successors, and assigns shall be bound by the Agent's acts under this Power of Attorney.

23. This Power of Attorney shall not be affected by the Principal's subsequent disability or incapacity.

24. The Principal hereby ratifies and confirms all that the Agent shall do, or cause to be done, by virtue of this Power of Attorney.

25. The Principal declares that the Principal understands the importance of this Durable Power of Attorney, recognizes that the Agent is granted broad power to hold, administer, and control the Principal's assets, and recognizes that this Durable Power of Attorney will become effective immediately on execution and will continue indefinitely until specifically revoked or terminated by death, even if the Principal later becomes incapacitated. Principal understands that no guarantees apply to the actions of the Agent or actions by any agency presented with this Power of Attorney.

26. Principal's Agent shall have the power to deal with governmental agencies; to make applications for, receive and administer any of the following benefits, if applicable: Social Security, Medicare, Medi-Cal, Supplemental Security Income, In Home Supportive Services (IHSS) and any other government resources and community support services available. The Agent shall have the power to explore and implement Medi-Cal planning strategies (pursuant to laws/regulations in effect at the time of such planning) and options to plan and accomplish asset preservation if a Principal requires long-term health and nursing care.

In the event Principal enters, or in Principal's Agent's discretion is likely to enter, a skilled nursing facility or intermediate care facility for any reason, Principal desires that Principal's heirs shall endure no undue hardship because of the economic burdens imposed by Principal's illness. Accordingly, Principal authorizes the Agent to gift or transfer assets of Principal's to Principal's beneficiaries as named in Principal's estate plan. Such authorization requires written agreement as to gifting or transferring assets from Principal's estate by all named, living beneficiaries, or if a beneficiary is a minor or incapacitated person, the guardian or conservator of said minor or incapacitated person may sign the agreement on his/her behalf. Principal's intent is to avoid creating a general power of appointment. Principal's Agent is authorized to apply or transfer any

and all of Principal's assets and/or income in such a manner as to ensure that Principal will be eligible for the Medi-Cal Program or such other public benefits as Principal may require. In addition, Principal's Agent may transfer Principal's personal residence in order to avoid post-death recovery claims of any agency pursuant to the allowances of state and federal law.

Principal's primary concern, if it should become necessary for Principal's Agent to deplete and dispose of property in Principal's estate or to qualify Principal for public benefits, is first Principal's own ability to qualify for said benefits, and second, doing so without depriving Principal's spouse (if one exists at the time of the transfers) and heirs of their anticipated inheritances. Principal's special Agent is therefore authorized to use all powers granted to him or her hereunder to plan for the disposal of Principal's property to Principal's heirs in expectation of applying for Medi-Cal or other similar public benefits; and any action in furtherance of said aims which he or she may have taken prior to the date this instrument was executed. Principal understands that signing this Power of Attorney does not in any way guarantee eligibility for any government program, but is a tool to authorize Principal's designated Agent(s) to act on Principal's behalf with third party institutions. All decisions regarding government benefits eligibility and recovery claims are solely the domain of each respective government agency/program. Principal does hereby ratify and accept _LM_.

Furthermore, Principal authorizes Principal's Agent to transmute character of property from community property to separate property or separate property to community property to meet the aims of qualifying for Medi-Cal or any other state aid program and for the purpose of preserving the estate for Principal's spouse and/or heirs should Principal be married.

Modification, Revocation, Gifting, Self-dealing, Transmutations. This authorization includes modifying or revoking, in whole or in part, a trust agreement to effect transfer of the Principal's residence to Principal's beneficiaries under Principal's estate plan (specifically Principal's Will or Trust); to divide the estate into separate property of the spouse's in a manner permissible under applicable state and federal law (if Principal has a spouse); to change the characterization of the property from community to separate property; to seek court or other enforceable orders for spousal support to prevent impoverishment of the non-incapacitated spouse; and the like. The Agent is directed to take all legal steps necessary to defend the Principal's or the Principal's Agent's actions under this section, including *self-gifting* or *self-dealing* pursuant to this paragraph and in retaining attorneys and other professionals and paying for the services of such attorneys and other professionals out of the estate property. Any Agent of Principal under a Durable Power of Attorney which provides that the Agent may establish, modify, change or revoke a revocable trust on behalf of the Principal may take any action that the Principal could have taken.

*As long as my Agent has considered the advantages and consequences and made a good-faith determination that it is in the best interest of both Principal and Principal's family to make such transfers, Principal directs that my Agent (or trustee) shall be held harmless for any such transfers and that my Agent (or*

trustee) or any parties involved in such transfers shall not be held liable for any breach of fiduciary duty, self-dealing or commingling of assets. I further authorize and direct my Agent to give written instruction to carry out this intent to the trustee of any revocable living trust that I have executed.

27. If a conservatorship of the Principal's person or estate, or both, is deemed necessary, the Principal hereby nominates ORDELL E. MOON as conservator of the Principal's person and estate. If ORDELL E. MOON is unable or unwilling to act, the Principal hereby nominates DON SHANNON as conservator of the Principal's person and estate. This Power of Attorney shall terminate and the Agent(s) shall deliver the assets of the Principal under the Agent(s)' control as directed by the conservator of the Principal's estate.

IN WITNESS WHEREOF, the Principal has signed this Durable Power of Attorney on __8/20/08__, 2008.

_____
LLOYD H. MOON

State of California )
                   )
County of Sonoma   )

On __8-20-__, 2008 before me, __C Bearinger__ Notary Public, personally appeared LLOYD H. MOON, who proved to me on the basis of satisfactory evidence to be the person(s) whose name is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

```
C. BEARINGER
Commission # 1805951
Notary Public - California
Marin County
My Comm. Expires Jul 5, 2012
```

Ordell Elizabeth Moon
1905 Bristol St.
Petaluma, CA 94954

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION

In re                                              Case No.23-10092 DM 13
ORDELL ELIZABETH MOON                              (Chapter 13)

Petitioner/Debtor.
_____/

Declaration of Service


I, declare as follows:

I am over the age of eighteen years old and not a party to the within action.

On March ____, A.D. 2023 I served by U.S. Mail a true copy of Debtor's Motion for Further Time to File Schedules, Statement of Financial Affairs, Plan and other documents, Order Granting Time To File Schedules, Statement of Financial Affairs, Plan and other documents in the UNITED STATES BANKRUPTCY COURT, SAN FRANCISCO, CALIFORNIA to:

David Burchard
Office of U.S. Trustee
P.O. Box 8059
Foster City, CA 94404

And that I served the same by depositing in an envelope a copy of the above stated documents, sealed the same and paid the required postage for mailing which was sent to the address herein which has service for U.S. Mail available.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on:                                       By:

NOTICE: THIS INSTRUMENT IS ISSUED UNDER THE SOLE ACTOR DOCTRINE

Page **3** of **3**

Ordell Elizabeth Moon
1905 Bristol St.
Petaluma, CA 94954

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION**

In re                                               Case No.23-10092 DM 13
ORDELL ELIZABETH MOON                   (Chapter 13)

Petitioner/Debtor.
_____/

**Order Granting Further Time To File Schedules,**
**Statement of Financial Affairs, Plan and other documents**

    Upon the motion of ORDELL ELIZABETH MOON, the above-named debtor, praying for an extension of time under Bankruptcy Rule 1007(c) and for other relief, it is:

    ORDERED that the time of said debtor to file schedules and statement of affairs be, and hereby is, extended for _____days from the date of this order.

Dated: _____

                                                            _____
                                                             Bankruptcy Court Judge