Ordell Elizabeth Moon
1905 Bristol St.
Petaluma, CA 94954

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA**

In re
ORDELL ELIZABETH MOON

Petitioner/Debtor.
_____/

Case No.23-10092 DM 13
(Chapter 13)
**DEBTOR'S RESPONSE TO RESPONSE TO FIRST AMENDED OBJECTION TO PROOF OF CLAIM OF CITIBANK N.A.**

TO THE HONORABLE DENNIS MONTALI AND ALL PARTIES OF INTEREST:

COMES NOW the Debtor, Ordell Elizabeth Moon, through her Authorized Representative, Don Shannon (hereinafter "**AR**"), who relies upon *Haines v. Kerner*, 1972, 404 U.S. 519 in the above-captioned matter, <u>**to give notice**</u> that Debtor, pursuant to **Haines v. Kerner**, hereby serves this courtesy notice that Debtor responds to the response of opposing counsel **NATHAN F. SMITH** to Debtor's First Amended Objection To Proof Of Claim Of Citibank N.A. For Cause as follows:

## I     INTRODUCTION

Debtor contends that Opposing Counsel Nathan F. Smith has attempted to hijack Debtor's good faith effort to get to the truth of the terms and conditions of the alleged loan of credit of Citibank which Debtor believes is unethical and immoral. Smith in his response has attempted to frame Debtor's objection is limited to CC §1700 which is absurd given the fact that Debtor plainly cited CUUC §3-104(e), §3-407 in addition to CC §1700 and yet Smith is silent on CUUC §3-104(e), §3-407 and does not dispute these provisions of law and the arguments made by Debtor referencing these laws and therefore the allegations pertaining to such must be deemed admitted pursuant to FRCP 8(b)(6) and the associated provisions in the Bankruptcy Code.

## II     STATEMENT OF FACTS

1. That Debtor agrees with paragraph 1 of Smith's statement of facts in his response.

2. That Debtor further agrees that Smith's referenced to the Home Equity Line of Credit Agreement and Disclosure (hereinafter "**HELOC**") being a "note", as such qualifies as a candidate for CUUC §3-104(e).

3. That Debtor made several good faith efforts to Citibank, N.A. CFO, attorney Christina J. Khil regarding the "**Pay to the Order of Without Recourse on Citibank, N.A. successor by merger with West N.A. formerly known as Citibank (West), FSB**" stamp contained on the **HELOC** by Email and U.S. Mail service prior to bringing this matter before the court. Khil has vanished and so attorney Nathan F. Smith has appeared, and he also was given the same notice privately outside of the purview of court.

4. That the Truth in Lending Act was passed to prevent unsophisticated consumers from being misled as to total cost of financing by so-called lenders.

5. That the Truth in Lending Act is strictly a liability statute liberally construed in favor of consumers.

6. That Regulation Z - 12 CFR § 226.17(c)(1) and RESPA - Title 12 U.S.C. § 2605(e) require full disclosure of the terms and conditions of loan agreement.

7. That despite Debtor's good faith efforts cited in paragraph 3 above, Debtor has never received any response from said above three entities to Debtor's letters.

8. That despite all the foregoing, on May 15, 2023, Debtor filed the Objection.

## III     ARGUMENT

9. Opposing Counsel Smith's main contention in his response seems to hang on the issue of "material alteration" in that the **HELOC** filed of record contains the statement "**Pay to the Order of Without Recourse on Citibank, N.A. successor by merger with West N.A. formerly known as Citibank (West), FSB**" affixed thereupon which was not

affixed to the original wet ink signature signed in good faith by Lloyd Moon and Ordell Moon on that faithful day of August 25, 2005.

10.     Smith contends said statement does not materially alter the character of the instrument being a note, in spite of Smith's admission that the Uniform Commercial Code governs the instrument.

11.     Smith's contention, however, is not supported by well settled law. The "material alteration" of the instrument of concern known herein as the **HELOC** is governed by UCC 3-104(e) which Smith in his response, is apparently unaware of, provides thus:

> (e) An instrument is a "**note**" if it is a promise and is a "**draft**" if it is an order. If an instrument falls within the definition of both "note" and "draft," <u>**a person entitled to enforce the instrument may treat it as either**</u>.  Emp added **bold** mine

The "material alteration" occurred when Smith's purported client surreptitiously "treated" the **HELOC** as a draft as authorized under UCC 3-104(e) <u>**after**</u> Debtor's wet ink signature was affixed to the **HELOC** but <u>**without the notice or consent of the Debtor**</u>. It is ok to treat the note as a draft pursuant to UCC 3-104(e), but you cannot treat the **HELOC** as both a note and draft, which Debtor suspects Citibank, N.A. has apparently done, which would be double dipping in violation of the ultra vires laws and invokes UCC 3-407(b) remedy.

**12.**     Please be advised that **AR** was present at the execution of the original **HELOC** by Debtor and her late husband's wet ink signatures. The copy of the **HELOC** Debtor received after executing the **HELOC** did not contain the statement: ""**Pay to the Order of Without Recourse on Citibank, N.A. successor by merger with West N.A. formerly known as Citibank (West), FSB**"" affixed to the **HELOC** filed of record by Opposing Counsel in support of the Form 410 Proof of Claim.  A RESPA violation.

13.     For nearly 18 years, at no time after Citibank, N.A. executed the endorsement described herein on said **HELOC** filed of record, did Citibank, N.A. ever provide notice of such execution to Debtor, thus, depriving Debtor of the <u>**right to full disclosure**</u> to know in which capacity the **HELOC** was being treated.  Clearly a willful violation of TILA, Regulation Z - 12 CFR § 226.17(c)(1) and RESPA - Title 12 U.S.C. § 2605(e)

among other federal laws as well as California disclosure laws that protect the consumer.

14. Debtor through **AR** had recently become aware of the alteration of the original **HELOC** by Citibank, N.A. which has prompted Debtor's objection. The very fact that a negotiation had occurred which is admitted by opposing counsel in his response, appears to constitutes a discharge of the specific performance aspects of a monthly payment which is required **if** Citibank, N.A. was treating the **HELOC** as a note and not a draft. See UCC § 3-407 (b) infra.

15. The legal effect of the **HELOC** has been altered from a note to a draft by the execution of Citibank, N.A.'s agent. Such an alteration is clearly material in how it would be treated. The legal character and effect of the note changed from a note to a check which Citibank, N.A. negotiated as evidenced by said stamp affixed thereupon **after** Debtors executed the **HELOC** and outside Debtor's knowledge and consent. Clearly Citibank, N.A. through Smith has admitted such and the evidence of such is contained on the face of said **HELOC** filed of record by Khil and Smith both in support of the Form 410 Proof of Claim and now in support of the Response opposing Debtor's Objection.

16. What constitutes material alteration? According to several legal sources, we find:

> UCC § 3-407 (a) "Alteration" means (1) **an unauthorized change in an instrument that purports to modify in any respect the obligation of a party, or (2) an unauthorized addition of words or numbers or other change to an incomplete instrument relating to the obligation of a party.**
> (b) Except as provided in subdivision (c), **an alteration fraudulently made discharges a party whose obligation is affected by the alteration unless that party assents or is precluded from asserting the alteration.** No other alteration discharges a party, and the instrument may be enforced according to its original terms.

Smith conveniently skipped UCC § 3-407 of the UCC as well as § 3-104(e). But why? Well perhaps we can discover why the skip by the definition of material alteration from several legal sources:

> A **material alteration** in any written instrument is one which changes its tenor, or its legal meaning and effect; one which causes it to speak a language different in effect from that which it originally spoke. ***White v. Harris***. 69 S. C. 65, 48 S. E. 41, 104 Am. St. Rep. 791; ***Foxworthy v. Colby***, 64 Neb. 216, 89 N. W. 800, 62 U R. A. 393; ***Organ v. Allison***, 9 Baxt. (Tenn.) 462   Black's 2nd Edition, page 765

**material alteration**. 1. A significant change in something; esp., a change in a legal instrument sufficient to alter the instrument's legal meaning or effect. [Cases: Alteration of Instruments 1. C.J.S. Alteration of Instruments §§ 2–4.] 2. An unauthorized change in an instrument or an addition to an incomplete instrument resulting in the modification of a party's obligations. UCC § 3-407(a). [Cases: Alteration of Instruments 1–30. C.J.S. Alteration of Instruments §§ 2–99, 104–109.]   Black's 8th Edition page 242 **material alteration**.  A change in the terms of a written instrument which gives it a legal effect different from that which it originally had.  ***Barton Sav. Bank & Trust Co. V. Stephenson***, 87 Vt 433, 89 A 639.  An intentional act performed upon an instrument after it has been fully executed, by one of the parties thereto, without the consent of the other, which changes the legal effect of the instrument in any respect.  ***O.N. Bull Remedy Co. v Clark***, 109 Minn 396, 124 NW 20.  An alteration of an instrument which destroys the identity of the instrument or of the contract evidenced thereby, or which so changes its terms as to give it different legal effect from that which it originally had, and thus works some change in the rights, obligations, interest, or relations of the party. 4 Am J2d Alt Inst § 5.  The complexion of an executed but incomplete instrument, in a manner other than is authorized, so as to change the contract.  UCC § 3-115(a).

Ballentine's Law Dictionary 3rd Edition

17.     Given the definitions for material alteration above, we find that

> A change in the terms of a written instrument which gives it a legal effect different from that which it originally had.
> An intentional act performed upon an instrument after it has been fully executed, by one of the parties thereto, **without the consent of the other**, **which changes the legal effect** of the instrument in any respect

constitutes material alteration.  The **HELOC** is no longer being treated as a note as admitted by Smith but has now been converted (treated = material alteration) as a draft, a check, that has been negotiated.  Now if that is not the case then pursuant to good faith and fair dealing Smith has the burden to prove that the **HELOC** <u>has not been converted into a draft and negotiated by Citibank, N.A</u>. for its enrichment while still demanding of Debtor to make monthly payments.  The only way Debtor and the Court can be sure is for Citibank, N.A. to open up the financial records and make full disclosure of each and every transaction pertaining to said **HELOC** account in Citibank, N.A. possession is probative, just and proper.  If not, then for pity sake, why not?

18.     What would Smith have to hide from Debtor and the Court regarding full disclosure of each element pertaining to said **HELOC**? Inquiring minds would like to know. Bring the original **HELOC** containing Debtor's wet ink signature before the Court and Debtor to visibly inspect first hand. . . it's only right to settle this matter and get to

the truth! Debtor is seriously concerned about this matter for if as Debtor suspects the **HELOC** has been negotiated and Citibank, N.A. is still contending it has the right to demand monthly payments or foreclose on the subject property, what we are really dealing here with is a willful violation of the Thirteenth Amendment to the supreme Law of the land by forcing involuntary servitude upon Debtor under the pretense and pretext of a lawful contractual consideration. Such an act is way beyond ultra vires, we are talking about seditious conspiracy if not outright treason to the Constitution. Debtor only seeks the truth!

> Surely it was not intended by any act of Congress that officers of a national bank should be clothed with the power to cheat and defraud its patrons. National banks are organized, and their business prosecuted for private gain, and we can conceive of no reason why the officers of such banks should be exempt from the penalties prescribed for fraudulent banking." ***Easton vs. Iowa***, 188 U.S. 220 (1903)

18. Clearly Smith does not see anything wrong with his purported client's double dipping. Smith sees nothing wrong with Citibank, N.A.'s converting said **HELOC** into a nice fat check, negotiating the same to Citibank, N.A.'s benefit while still demanding that Debtor continue to make monthly payments pursuant to the note aspects of said **HELOC.** Wow! Just how does Smith, Khil and others of the opposing counsel's firm sleep at night? Debtor cannot be the only sucker that Citibank, N.A. and perhaps other so-called lending institutions economically rape and pillage as a normal routine business model. Horrible people, evil souls. Hideous.

19. Undoubtedly Smith and his purported client expect this court to sanction their apparent criminal enterprise in willful violation of the supreme Law of the land, the consideration, currency and tender laws enacted by Congress with impunity.

20. Regarding the procedural niceties complained of in Smith's response, Debtor, who is not legally trained, did the best they could under the circumstances. **Debtor is only interested in the truth!** Debtor relied upon Local Bankruptcy Rule 3007-1(a), which prohibits the filing of any supporting proofs i.e. exhibits, or at least that was how Debtor read it, so Debtor relied upon said rule and in good faith did not file any, but instead referenced exhibits by alphabet designation in said objection. The text of Local Rule states in pertinent part:

**Notice: This document is subject to the Sole Actor Doctrine** Page **6** of **8**

Case: 23-10092 Doc# 66 Filed: 07/03/23 Entered: 07/03/23 11:28:36 Page 6 of 8

> 3007-1. Objections to Claim. (a) Copy of Claim. Unless the Court orders otherwise, on an objection to claim, a copy of the claim, <u>**absent any attachments or exhibits, shall be included.**</u>    Emp added **bold** mine.

21. The *prima facie* legal standard for Proof of Claim asserted by Smith in his response is impeached by the supporting evidence submitted (**HELOC**) by opposing counsel Khil as disputed in detail herein, however, Debtor reserves the right to make further challenges as needed.

22. Unjust enrichment, fraud, deceit, ultra vires conduct and involuntary servitude are more than enough "legal basis" and "factual basis" to support Debtor's Objection and it is absurd and nauseating for Smith to suggest that such is not the case.

23. Debtor's Request for Sanctions is both sound and proper in that Debtor like any other American has a duty pursuant to Title 18 U.S.C.§ 4 in light of Title 18 U.S.C.§§§ 152, 157, and 3571 in good faith to alert the court. For opposing counsel knew or should have known that **"Fraud and Justice Never Dwells Together" and "the law leaves wrongdoers where it finds them."** Page 3 of the Form 410 Proof of Claim on the left side margin at part 3: Sign Below clearly states:

> A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

24. Neither Smith nor Citibank, N.A. are Hunter Biden, thus, do not qualify for the ole "presidential pass" that us mere mortals are not entitled to.

25. If the honorable court determines that Debtor has made the case for Objection then sanctions are proper and the court should so grant sanctions as a matter of law and other proper relief and Debtor respectfully hopes the Objection be sustained.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing statements are true, correct to my current knowledge and understanding and complete and not meant to mislead anyone.

Executed on June 30th, 2023        By: _____

Notice:  This document is subject to the Sole Actor Doctrine                Page **7** of **8**
Case: 23-10092   Doc# 66   Filed: 07/03/23   Entered: 07/03/23 11:28:36   Page 7 of 8

Ordell Elizabeth Moon
1905 Bristol St.
Petaluma, CA 94954

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION

In re
ORDELL ELIZABETH MOON

        Petitioner/Debtor.

_____/

Case No. 23-10092 DM 13
(Chapter 13)

Declaration of Service

I, declare as follows:

I am over the age of eighteen years old and not a party to the within action.

On ~~June~~ July 3rd, A.D. 2023 I served by U.S. Mail a true copy of *Debtor's* **DEBTOR'S RESPONSE TO RESPONSE TO FIRST AMENDED OBJECTION TO PROOF OF CLAIM OF CITIBANK N.A.** in the UNITED STATES BANKRUPTCY COURT, NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA, CALIFORNIA to:

David Burchard
Office of U.S. Trustee
P.O. Box 8059
Foster City, CA 94404

Nathan Frederick Jones Smith, for
CITIBANK N.A.
2112 Business Center Drive, 2nd Fl,
Irvine, California 92612

Fanny Zhang Wan, counsel for
DEUTSCHE BANK NATIONAL TRUST
350 10th Ave Suite 1000
San Diego, CA 92101

Dan Joyce
420 Lakeville St,
Petaluma, CA 94952

And that I served the same by depositing in an envelope a copy of the above stated documents, sealed the same and paid the required postage for mailing which was sent to the addresses herein which has service for U.S. Mail available.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: JULY 3rd A.D. 2023    By: _____