UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED

SEP 11 2023

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ORDELL ELIZABETH MOON<br><br>Debtor. | USDC No. |
| ORDELL ELIZABETH MOON<br><br>Appellant,<br><br>v.<br><br>CITIBANK, N.A., DEUTSCHE BANK NATIONAL TRUST COMPANY<br><br>Appellees. | Bankr. No.23-10092 DM 1<br><br>Chapter 13 |

**Statement of Issues to Be Presented**

Appellant/Debtor, Ordell Elizabeth Moon, through her Authorized Representative, Don Shannon (hereinafter "**AR**"), who relies upon *Haines v. Kerner*, 1972, 404 U.S. 519 in the above-captioned matter**, to give notice** that Appellant/Debtor (hereinafter "Appellant"), pursuant to **Haines v. Kerner**, and pursuant to Federal Rule of Bankruptcy Procedure 8009(a), hereby states the issues to be presented on appeal:

1. The bankruptcy court erred when it deprived Appellant the due process right to full disclosure of the specific medium of exchange of the original loan of money by each appellee mortgage contract.

2. The bankruptcy court erred when it deprived Appellant the right to equal protection under the laws of currency, consideration and tender guaranteed under Amendment Fourteen of the supreme Law of the land when the bankruptcy court denied Debtor/Appellant's request for Appellee's counsel to produce the original wet ink signature promissory note to establish standing to claim status of creditor in bankruptcy proceeding.

3. The bankruptcy court erred when it ruled that Appellees' Form B410 Proof of Claims are granted as creditor status without Appellees producing any evidence to establish that said creditors in their so-called loan of money to Appellant have

produced any evidence of an actual delivery of a thing of value pursuant to California Civil Code §1478 in a medium of exchange in comportment with California Corporation Code §107 in light of Penal Code§ 648 mandate, in further light of Title 12 U.S.C. § 411 in comportment with Article I, Section 10 of the supreme Law of the land as it pertains to tender of obligations in payment of debt in California state.  This is a jurisdictional question.

4. The bankruptcy court erred when it issued its Order Dismissing Case and thereby evaded Appellant's standing offer to settle all substantiated claims in "like kind" pursuant to the equal protection laws vouchsafed in Amendment Fourteen and claims in Constitution Article I, Section 7 upon the full disclosure and/or disgorgement of the specific medium of exchange each purported creditor claims employed in their purported loan of money to Appellant in light of the currency, consideration and tender laws governing such.

5. The Bankruptcy court erred when it denied Appellant said disclosures issues and thereby appear to have aided and abetted said purported creditors to unjust enrichments, sanctioning ultra vires acts and perhaps have conspired to suppress the fact that the court ordered creditors mere paper and ink investment is the equivalent to Appellant's thirty (30) years of sweat equity in clear violation of the express prohibition of involuntary servitude vouchsafed in both Amendment Thirteen of the supreme Law of the land and Article I, Section 6 of the California Constitution.

6. The Bankruptcy court erred in its rush to judgment against Appellant who is a pro se litigant when the court circumvented Judicial Canon 3A(4) when it evaded Appellant's court recognized Authorized Representative's request for instructive relief regarding issue of payment; several threats to dismiss case prematurely for raising issue on lawful money; request for production of original wet ink signature promissory note in spite of opposing counsel's admission of not knowing where such instrument was located and yet filed a Form B410 Proof of Claim that the court subsequently sanctioned in spite of said counsel's admission of having no knowledge of whereabouts of said note.

7. The full and complete disclosure of the specific medium of exchange of said purported creditors employed in their so-called loan of money will reveal all the truth which courts of law are established to support, defend and maintain for that **is** the business of the courts as a matter of law.

Don Shannon
420 Lakeville St, Petaluma, CA 94952
(707) 591-3450

**Declaration of Service**

I am over the age of 18 and not a party to this bankruptcy case.

My business address is:

A true and correct copy of the foregoing document entitled:

On September __7th__, A.D. 2023 I served by U.S. Mail a true copy of *Debtor's* **Statement of Issues to Be Presented** in the UNITED STATES BANKRUPTCY COURT, NORTHERN DISTRICT OF CALIFORNIA to

> **1. Party: Citibank, N.A.**
>
> **Attorney: Nathan Frederick Jones Smith**
>
> Nathan Frederick Jones Smith
> Malcolm - Cisneros
> 2112 Business Center Drive, 2nd Floor,
> Irvine, California 92612
> 949-252-9400
>
> **2. Party: Deutsche Bank National Trust Company**
>
> **Attorney: Fanny Zhang Wan**
>
> Fanny Zhang Wan,
> Robertson, Anschutz, Schneid & Crane LLP
> 350 10th Ave., Suite 1000
> Diego, CA 92101
> 470-321-7112

And that I served the same by depositing in an envelope a copy of the above stated documents, sealed the same and paid the required postage for mailing which was sent to the addresses herein which has service for U.S. Mail available.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: 9/7/2023

By_____
Don Shannon, Authorized Representative of Appellant